## Case No. 5,662.
### GRAHAM v. ALEXANDER.
[5 Cranch, C. C. 663.] [1]
Circuit Court, District of Columbia. March Term, 1840.

#### SLAVE—CHILD—FREEDOM.

If a female slave be sold in Alexandria county, "she to be free at thirty-one, and her children then born, and those afterwards to be born, at the same age," a child afterwards born of such slave, before her age of thirty-one, is entitled to freedom when arrived at the age of thirty-one years.

The jury found the following special verdict: "We find that the petitioner [Moses Graham] is the son of Milly, who was the slave of Miss Brown, who resided in Georgetown about the year 1790; and for two or three years afterwards, with her sister Mrs. Magruder. That she afterwards lived with the same sister in Maryland; and afterwards, but not before 1806, with her sister, Mrs. Alexander, in Alexandria county. That during all this time, the petitioner's mother and grandmother belonged to Miss Brown, who some time about the year 1813, while she was living with Mrs. Alexander, brought Milly from Washington county, where she had been living hired out by her mistress for one or two years, to Mrs. Alexander's, in Alexandria

[1] [Reported by Hon. William Cranch, Chief Judge.]

county. That Milly then had two female children, and that the petitioner was born afterwards, and while Milly was at Mrs. Alexander's. That Miss Brown, on bringing her to Mrs. Alexander's, sold Milly and her two children to Mrs. Alexander; she to be free at thirty-one, and her children then born, and those afterwards to be born, at the same age. That the petitioner was held by Mrs. Alexander during her life, and by her administrator, the present defendant, since; not as a slave for life, but as entitled to freedom at thirty-one years of age. That Miss Brown died in 1825, making her last will and testament as follows:" (In this will she says: "Whereas I have sold to my sister Alexander a negro woman called Milly, and her two children Ann and Rachel, since which time the said Milly has had two other children, Jenny and Christy; and whereas the term for which the said Milly was sold, has expired, and her said children are bound to serve till they shall have attained the age of thirty-one years respectively. Now it is my will and desire, that the time of the said four children of Milly, shall be purchased by my executor, and that they shall be forthwith emancipated by him; and I do hereby authorize him to make such purchase out of the estate I shall leave. But as the amount for which I sold the said Milly and her two children, has never been paid to me, it is my desire that that debt shall be applied, if practicable, towards the said purchase.") "That Miss Brown, by her will, recognized the terms of sale of said negroes, to her sister, to be, that they were to be free at thirty-one years of age. That the petitioner will be, on the 25th of December, 1839, twenty-six years of age. That Miss Brown sent an officer for Milly to Georgetown, where she (Milly) was then residing, and from whence she was brought, in 1813, to her sister's, with the intention to sell her and her children to her sister, and did thereupon, sell her as before stated, on the terms and conditions stated in her will; and that the said Milly was kept in Alexandria county from the time of her said importation, till she became thirty-one years of age, when she was suffered to go free, and is free now; and the petitioner was so kept in the said county, till the filing of this petition. That Miss Brown, when she had the said Milly and her two children brought into Alexandria county, or at any time before or afterwards, did not take the oath required by the fourth section of the Virginia act of 17th December, 1792. And if, upon the facts aforesaid, the law be for the petitioner, then we find for the petitioner, and if otherwise, for the defendant."

Swann & Swann, for defendant, contended that the petitioner had no claim to freedom under the will of Miss Brown, as he was not named nor referred to therein; and there was no evidence of his emancipation under any other instrument in writing, under hand and seal, and acknowledged, or proved as required by the Virginia law of December 17,

1792, c. 103, § 36, p. 191, and that no parol evidence is sufficient to prove emancipation in any other manner. Rob. Wills, 26.

But THE COURT (mem. con.) made the following order: "Upon consideration whereof," (that is, of the special verdict,) "THE court is of the opinion that the petitioner will be entitled to his freedom on the 26th of December, which will be in the year 1844, and not before; and therefore that the judgment at law, upon the said special verdict, must be for the defendant. But, inasmuch as the said petitioner has filed his bill in equity, stating his fears that the said defendant, Richard B. Alexander, will remove the petitioner from the District of Columbia, under the laws whereof his claim for freedom has accrued, and from the jurisdiction of this court, before the said 26th day of December, 1844, whereby he may be deprived of the means of establishing his right to freedom when it shall have become absolute: It is this 18th day of February, 1840, ordered that the said defendant Richard B. Alexander, shall not be permitted to take the said petitioner into his possession, (the said petitioner being now in the custody of the marshal for safe keeping, and for the protection of the rights of the said petitioner,) until he, the said Richard B. Alexander, shall have given bond to the United States with good security in the penalty of $1,000, with condition to be void, if he shall have the said petitioner forthcoming, and produce him to this court, or to the marshal of this district on the aforesaid 26th day of December, 1844; the said bond and security to be approved by this court, or one of the judges thereof: provided, however, that the said petitioner, Moses Graham, shall have first given security to the said Richard B. Alexander by bond with good security, to be approved by this court, or one of the judges thereof, in the penalty of $800, conditioned that he, the said Moses, shall continue faithfully in the service of the said Richard B. Alexander, in the District of Columbia, until the said 26th of December, 1844. And upon the said bonds being given and approved as aforesaid, and filed in this court, or in the clerk's office, the said petitioner shall be delivered up to the said Richard B. Alexander, upon demand."